**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

JOSE E.A.C.,

Civil No. 26-2784 (JRT/ECW)

Petitioner,

v.

TODD BLANCHE, *Acting U.S. Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and

ERIC TOLLEFSON, *Sheriff of Kandiyohi County*,

Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Jacob R. Peterson, **ZIMMER LAW GROUP, LLC**, 155 Wabasha Street South, Suite 100, Saint Paul, MN 55107.

David W. Fuller and Worthington Phillips, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55414, for Federal Respondents.

Petitioner Jose E.A.C. is a citizen of El Salvador and resident of Ramsey County, MN.

(Pet. for Writ of Habeas Corpus ("Pet."), May 28, 2026, Docket No. 1.)  Petitioner has five

children, four of whom are citizens of the United States.  (*Id.* ¶ 16.)  Petitioner has a work permit and has been employed as a pastor and in construction.  (*Id.* ¶ 16.)  Petitioner has been present in the United States since 2015.  (*Id.* ¶ 15.)

Petitioner was ordered removed from the United States by an immigration judge on January 7, 2025.  (Decl. of Geneva Balencia ("Balencia Decl.") ¶ 9, June 2, 2026, Docket No. 6.)  On February 5, 2025, Petitioner filed a timely appeal with the Board of Immigration Appeals—that appeal is still pending.  (*Id.* ¶ 10.)  Petitioner is presently subject to criminal charges for theft in Wisconsin, to which he has pled not guilty; prior to the incident giving rise to those charges, Petitioner's criminal history was limited to traffic violations.  (Pet. ¶¶ 17–18.)

On May 25, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement officials.  (*Id.* ¶ 17.)  On May 28, Petitioner filed a Petition for Writ of Habeas Corpus, alleging that his detention violates the Due Process Clause of the Fifth Amendment.  (*Id.* at 10.)  Petitioner seeks release, or in the alternative, a bond hearing.  (*Id.* at 13.)

The Court concludes that Petitioner's present detention violates his due process rights.  Petitioner is not—as Respondents contend—"detained after receiving a final order of removal."  (Resp. to Pet. at 8, June 2, 2026, Docket No. 5.)  Rather, because Petitioner's timely appeal of the order of removal is pending, the immigration judge's removal order is not "final."  *See* 8 U.S.C. § 1101(47)(A)–(B).

-2-

For many of the same reasons this Court outlined in *Axel J.M.C. v. Stanski*, Civ. No. 26-2281, 2026 WL 1171344 (D. Minn. Apr. 29, 2026), the Court concludes that Petitioner's due process claim should be analyzed under the test established in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). Because Petitioner's liberty interest is significant, the risk of erroneous deprivation of that interest is high, and the cost of providing Petitioner an individualized bond hearing is low, the Due Process Clause requires that Petitioner receive additional process in the form of a bond hearing.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Jose E.A.C.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

   a. Petitioner's detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment;

   b. Respondents shall provide Petitioner with an individualized bond hearing within 48 hours of the date of this Order; at that hearing, the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

   c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

d. **By 5:00 P.M. on June 8, 2026,** the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: June 5, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

-4-